**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No. DKC-13-0349** |
| **JONATHAN ROSERO** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO THE DEFENDANT'S APPEAL**

The United States of America, by and through Rod J. Rosenstein, United States Attorney for the District of Maryland, Hollis Raphael Weisman, Assistant United States Attorney, and Allen S. Abrams, Special Assistant United States Attorney, submits the following Memorandum in Opposition to the defendant's appeal of the judgment entered by United States Magistrate Judge Charles B. Day.

***STATEMENT OF THE CASE***

On March 21, 2013, the defendant was stopped by the police at Joint Base Andrews (JBA) and given a ticket for failing to stop at a stop sign line, a violation of § 21-707(a) of the Maryland Transportation Article, an infraction assimilated pursuant to 18 U.S.C. § 13. The defendant went to trial without counsel before Magistrate Judge Day on June 24, 2013. At the conclusion of all the evidence, Magistrate Judge found the defendant guilty of the offense, and imposed a fine of $100, $5 special assessment and $25 processing fee. The defendant then took the instant appeal.

At trial, the government called Officer Holly Ward, an officer with the JBA security forces for the previous seven years.[1]  Ward testified that she was on duty on March 21, 2013, and had taken a position to watch cars at a stop sign and issue tickets to violators.  The position was at a four-way intersection regulated by stop signs at the intersection of Arkansas Avenue and California Avenue adjacent to the JBA Dental Clinic, Building 1359.  Ward was in the passenger seat of the vehicle, which was driven by an officer she was training, Senior Airman Joel Lozano.

Ward saw a silver Dodge Grand Caravan approach the stop sign, and watched it proceed "straight through" the intersection without turning.  She explained that it was the only vehicle approaching the intersection at that time.  She testified that the Grand Caravan passed the stop sign and stop sign line painted on the ground without stopping.  She observed the brake lights on the vehicle but did not see the vehicle come to a complete stop.  In making that observation she watched the tires of the Grand Caravan, which she saw fail to stop at the stop sign line or at any other point.

Ward directed Senior Airman Lozano to initiate a traffic stop, which he did.  Ward observed Senior Airman Lozano approach the Grand Caravan and make contact with the driver.  Senior Airman Lozano returned to the patrol vehicle and informed Ward that the defendant was a member of the Armed Forces reserves.  Ward then approached the vehicle and made contact with the driver, who turned out to be the defendant.

Ward stated that her vehicle was parked in the Dental Clinic parking lot and that nothing obstructed her view of the intersection.  Ward estimated she was approximately 25 feet from the intersection.  Although it was night time, Ward described the intersection as well-lit by surrounding overhead lighting.

---

[1] No written transcript has been prepared.  The government has reviewed the audio recording of the proceedings below, and relies on it for this Memorandum.  At the Court's request, the government will make the copy of the recording available for the Court's review.

After the government rested, the defendant queried whether Senior Airman Lozano was present. He was not. The defendant then elected to testify. The defendant's testimony was limited to reading a prepared statement that is in the record before this Court. In his statement, the defendant took issue that he was pulled over by one officer but issued a citation by another, that the officer did not afford him an opportunity to explain himself, that the stop sign line is not exactly parallel with the stop sign, and that he had done nothing wrong.

***JUDGMENT OF THE MAGISTRATE JUDGE***

At the conclusion of the evidence, Magistrate Judge Day explained that he found the defendant guilty of the offense. He described the issues raised by the defendant as being that he stopped at the stop sign and that he was issued a citation by Ward, rather than the officer who pulled him over, Senior Airman Lozano. Magistrate Judge Day did not find the absence of Senior Airman Lozano fatal to the government's case. Magistrate Judge Day noted the testimony by Ward was that she had an unimpeded view of the defendant failing to stop at the stop sign line. He found "no serious reservations with Officer Ward's testimony." In ruling, Magistrate Judge Day differentiated between Ward's testimony that the defendant failed to stop at the stop sign line, which was the charged offense, and the defendant's testimony that he stopped at the stop sign.

***ARGUMENT***

In this appeal, the defendant again makes the same two arguments: by letter dated June 24, 2013, he complains that the police officer did not give him an adequate opportunity to explain what he did at the stop sign and that a police officer who did not issue the citation testified at trial before the magistrate judge. Neither of these complaints is reason to reverse the conviction.

A. **Standard of review.**

When assessing the sufficiency of the evidence in support of a guilty verdict, this Court conducts a *de novo* review, viewing the facts underlying the verdict in the light most favorable to the government.  *United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010).  In doing so, this Court "may not assess the credibility of witnesses, but rather must assume that the jury resolved all contradictions in testimony in favor of the Government."  *Id.* (internal quotation marks and citation omitted).  A conviction is to be affirmed if the record is supported by substantial evidence, that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *Id.* (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996)).  This Court will "sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."  *United States v. Penniegraft*, 641 F.3d 566, 571 (4th Cir. 2011) (emphasis in original).

In a bench trial, as here, it is the judge who  "weighs the evidence, determines the credibility of the witnesses, and finds the facts . . . [and] may select among conflicting inferences to be drawn from the testimony." *United States v. Bales,* 813 F.2d 1289, 1293 (4th Cir.1987).  "To determine if the prosecution has met its burden in this direct appeal from a bench-trial verdict, we apply a well recognized standard of review, examining whether 'there is substantial evidence, taking the view most favorable to the government,' to support the conviction."  *United States v. Ismail,* 97 F.3d 50, 55 (4th Cir. 1996) (Citations omitted).

B. **The magistrate judge's verdict was supported by the evidence.**

The judgment of Magistrate Judge Day was supported by the evidence presented at trial. Ward testified that she saw the defendant pass the stop sign without coming to a stop, either at the stop sign line or the stop sign itself.  The magistrate judge was entitled to believe that

testimony.  Although the defendant denied that he made the traffic violation, nothing in the law obligates the magistrate judge to credit his testimony over that of the officer.  The facts that a different officer initiated the traffic stop and was not present to testify had no bearing on the testimony by Ward to the facts and circumstances she observed, including the defendant's failure to stop at the stop sign line.  Based on Ward's largely unimpeached and unrefuted testimony, the magistrate judge's determination was reasonable.

## *CONCLUSION*

For the reasons stated in this memorandum, the government submits that the judgment of the magistrate judge was based on the testimony at trial, and asks that the judgment of conviction be affirmed.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney
 for the District of Maryland

_____/s/_____
Hollis Raphael Weisman
Bar No. 11465
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland  20770
301-344-4029; fax 301-344-0213
hollis.weisman@usdoj.gov

_____/s/_____
Allen S. Abrams
Special Assistant United States Attorney
1500 W. Perimeter Road, Suite 2110
Joint Base Andrews, Maryland 20762
(240) 612-5759; fax (240) 612-4698
allen.abrams@afncr.af.mil

**<u>Certificate of Service</u>**

I hereby certify that a copy of the Government's Memorandum of Law in Opposition to the Defendant's Appeal was mailed, this 12th day of December, 2013, to Jonathan Edward Rosero, *pro se*, 2101 Overton Drive, Forestville, MD 20747.

/s/

_____

Hollis Raphael Weisman