IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. Action No. DKC-13-0349 |
| | : | |
| JONATHAN ROSERO | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an appeal filed by Appellant Jonathan Rosero ("Mr. Rosero" or "Appellant"), from a judgment of conviction entered by United States Magistrate Judge Charles B. Day on June 24, 2013. For the reasons that follow, the judgment will be affirmed.

**I.  Background**

On March 21, 2013, Appellant was issued a citation at Joint Base Andrews ("JBA") for failure to stop at a stop line in violation of Md. Code Ann., Transp. § 21-707(a), an infraction assimilated by 18 U.S.C. § 13. (ECF No. 1-3). The citation was issued by Officer Holly Ward, who states that she was partnered with Senior Airman Joel Lozano that day. (*Id.*). The violation notice indicates that Senior Airman Lozano "initially made contact [with Mr. Rosero]" and "[o]nce [the] individual was determined to be a reservist not on order, an 1805 was accomplished by [Officer Ward]."

On June 24, 2013, Mr. Rosero appeared, *pro se*, before Judge Day and entered a plea of not guilty. *See United States v. Rosero*, Crim. Case No. 8:13-po-05304-CBD, at ECF No. 6. The case proceeded to trial, Mr. Rosero was found guilty, and ordered to pay a fine of $100, a processing fee of $25, and a special assessment of $5. (*Id.* at ECF No. 5).

On July 2, 2013, Appellant noted the instant appeal. *United States v. Rosero*, Crim. Action No. DKC 13-349, at ECF No. 1. He raised two issues on appeal: (1) that the officer who pulled him over did not appear in court; and (2) that the officer who issued the citation was not the officer who pulled him over. (*Id.*). Mr. Rosero also attached as an exhibit to his appeal corresponendence to the court, in which he explains:

> On the night of March 21, 2013, I was pulled over by a military police officer after leaving the gymnasium and making a left turn onto Arkansas Road. The police officer informed me that he pulled me over because he saw me drive past a stop sign without stopping my vehicle. When I attempted to explain that I did stop before the stop sign, I felt that the police officer verbally cut me off. . . . I was instructed to wait in my vehicle for what seemed like an unusually long period of time, and never given a clear explanation or reason. After waiting, another military police officer [Officer Ward] approached my vehicle and instructed me to sign a citation stating that I had failed to stop at the stop sign line.

(ECF No. 1-1).

2

On December 13, 2013, the Government filed its response memorandum. (ECF No. 3). On the same day, the court sent a letter to Appellant notifying him that the Clerk failed to give him notice of the requirement to file a brief in accordance with Local Rule 302. Mr. Rosero was advised that he must file a brief setting forth any additional arguments by January 13, 2014. (*See* ECF No. 4). On January 7, 2014, Appellant filed a supplemental memorandum and included multiple exhibits. (*See* ECF No. 5). In his supplemental submission, Mr. Rosero states that "one of [his] primary reasons for filing an appeal was the fact that Senior Airman Lozano, the military police officer who pulled [him] over, failed to appear in court." (*Id.*). Appellant also raises an additional argument that Officer Holly Ward testified she saw a silver Dodge Grand Caravan, but Mr. Rosero's Grand Caravan is actually blue. Appellant attached several photgraphs of the van and the intersection, a copy of his certificate of title for the Dodge Grand Caravan, and other documents. (ECF Nos. 5-1 and 5-2).

## II. Standard of Review

Pursuant to Fed.R.Crim.P. 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and ... serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an

appeal to the court of appeals from a judgment entered by a district judge." The record on appeal consists of the original papers and exhibits in the case, together with any transcript, tape, or other recording of the proceeding and a certified copy of the docket entries. Fed.R.Crim.P. 58(g)(2)(C). "For purposes of the appeal, a copy of the record of the proceedings must be made available to a defendant who establishes by affidavit an inability to pay or give security for the record. The Director of the Administrative Office of the United States Courts must pay for those copies." (*Id.*). Neither party has arranged for the record to contain a transcript or an audio recording of the proceeding. As will be seen, however, neither is necessary to resolve the instant appeal.

In reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo.*" *United States v. Bursey,* 416 F.3d 301, 305 (4th Cir.2005). A magistrate judge's conclusions of law are subject to *de novo* review, while his findings of fact are reviewed only for clear error, just as would be the case were the matter on appeal from a District Court bench trial to a Court of Appeals. *See United States v. Orme*, 851 F.Supp. 708, 709 (D.Md. 1994) *aff'd*, 51 F.3d 269 (4th Cir. 1995).

4

Review for sufficiency of the evidence proceeds on a familiar standard:

> "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). In a sufficiency of the evidence challenge, [the court] view[s] the evidence on appeal in the light most favorable to the government in determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). [It] review[s] both direct and circumstantial evidence, and accord[s] the government all reasonable inferences from the facts shown to those sought to be established. *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). [It does] not review the credibility of the witnesses and assume[s] that the [fact-finder] resolved all contradictions in the testimony in favor of the government. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). [The court] will uphold the [fact-finder's] verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. *Foster*, 507 F.3d at 244–45.

*United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013).

## III. Analysis

Appellant's arguments that Airman Lozano, who initially pulled him over, did not provide testimony during his trial, that Officer Ward issued the citation even though she did not pull him over, and that Officer Ward was mistaken about the vehicle's color constitute challenges to the legal sufficiency of the evidence to support the conviction. Appellant has failed to meet his "heavy burden" here. Pursuant to Md. Code Ann.,

Transp. § 21-707(a), "[u]nless otherwise directed by a police officer or traffic control signal, the driver of a vehicle approaching a stop sign at an intersection shall stop at the near side of the intersection at a clearly marked stop line." The fact that testimony was offered by Officer Ward and not Airman Lozano does not provide grounds for reversal. Judge Day found Officer Ward's testimony to be credible to sustain the conviction, and a district court is not permitted to "weigh the evidence or assess the credibility of witnesses" on appeal. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). As to the discrepancy regarding the color of the car, Appellant does not dispute that he was driving through the intersection and was pulled over on the date in question by Airman Lozano and then issued a citation by Officer Ward. Officer Ward's description of the vehicle as silver and not blue does not undermine the validity of the citation and the ultimate disposition.

**IV.  Conclusion**

Based on the foregoing, the judgment against Mr. Rosero will be affirmed.

_____
/s/
DEBORAH K. CHASANOW
United States District Judge
